KAMIN v. KAMIN.

CANCELLATION OF INSTRUMENTS—DEEDS—UNDUE INFLUENCE.

On a bill to cancel a deed conveying all of grantors' property to two of their children, excluding the others, evidence examined, and *held*, not to show that the grantors were incompetent or were unduly influenced to thus dispose of their property.

Appeal from Wayne; Mandell, J. Submitted February 27, 1906. (Docket No. 193.) Decided September 20, 1906.

Bill by Gustave Kamin and another against Charles Kamin and others to set aside a deed. From a decree dismissing the bill, complainants appeal. Affirmed.

*James H. Pound*, for complainants.

*Charles C. Stewart*, for defendants.

MOORE, J. Complainants are the two oldest of the five children of John and Caroline Kamin. The defendants Charles Kamin, Julius Kamin, and Johanna Kotcher, are the three remaining children. The bill is filed to cancel a deed made by John and Caroline Kamin to Charles and Julius Kamin in January, 1900, upon the ground of fraud, undue influence, and duress, practiced by the two sons toward the father. The court below dismissed the bill of complaint. The case is brought here by appeal.

To the bill of complaint various answers were made. That of Caroline Kamin was a sworn answer. It contained among other statements the following:

"This defendant states that on January 2, 1900, John Kamin and this defendant, his wife, who were tenants in the entirety of said property, made a warranty deed thereof to the said Charles and Julius Kamin for a good and sufficient consideration; that the said deed contained

a proviso requiring the said Charles and Julius Kamin to pay to Johanna Kotcher $800 one year after the death of this defendant. Said deed has since been recorded. This defendant denies the said deed could in any way affect the right of the complainants to inherit from the said John Kamin the property described in the said bill, as the interest of the said John Kamin did not pass to his heirs at his death, but ceased to exist; the entire property so held jointly belonging to this defendant at his death by right of survivorship. * * *

"This defendant shows that she has not in any degree lost her mental faculties and fully understands everything that she does. She shows that she has always been treated with affection by her sons Charles and Julius, and she has never been ill treated by them or felt the slightest fear of them. She shows that the said Charles and Julius are carrying out in good faith the contract made by them with her and the said John Kamin. That they made the last years of her husband pleasant and the time of this defendant also passes by pleasantly in their society, which is far differently with the complainants who ill treat her and abuse her whenever they meet her. This defendant shows that she fully understood what she was doing when she signed the deed with her husband. That they were endeavoring to obtain a proper maintenance during their lifetime, and that the property should thereafter go as they wished to will it.

"This defendant shows that the said Gustave Kamin received financial assistance years ago from the said John Kamin for more than what would be his proper share in the estate. This defendant shows that no one has ever questioned her soundness of mind or her right to dispose of her property as she saw fit."

Complainants filed an amended bill of complaint containing the following:

"That complainants have since the filing of their bill of complaint learned that it is claimed that the title of the land described in the bill of complaint stood in the name of John Kamin and Caroline Kamin as tenants by the entireties, but they aver that even if this be true, of which fact they are not sure, they aver that said Caroline Kamin is an old, incompetent, and feeble old woman, strictly under the dominion of Charles Kamin and Julius Kamin, who have her terrorized so that, besides from her natural

imbecility arising from old age, she dare not protect herself if she could, and could not in any event.

" Complainants therefore ask that said Caroline Kamin may be made a defendant herein, a guardian ad litem appointed for her and her property preserved in her as is but just, and for such other relief as to this court shall seem just and meet."

No guardian ad litem ever was appointed. Defendant Caroline Kamin is now dead. The record is a very long one. It has had our careful attention. The testimony is very conflicting. It shows, however, that complainant Taepke was married and left home in 1870. That the other complainant was helped by his father to purchase a 60-acre farm, though complainant testifies that he returned to his father all the assistance that was furnished him. At the time the deed in controversy was executed the record discloses that Mr. and Mrs. Kamin were alone with the official who drew it and took the acknowledgment thereof. The testimony of that official, who appears to be a reputable and intelligent man, is that the deed was drawn as the parties wanted it, and that they appeared to be entirely competent to make it. His testimony is corroborated in part by the testimony of his wife who witnessed the deed. The sworn answer of Mrs. Kamin from which we have quoted indicates her understanding of the situation. Even after her husband died, and after her attention was called to the situation by this proceeding and when, had it not been for the deed, the property, because she was the survivor of her husband, would have all been hers, she desired the deed to stand.

While there is much in the record to show that the relation of the Kamins toward each other was far from being an ideal one, the record does not show an adequate legal reason for the court to make a different disposition of the property of this father and mother from what they made in their lifetime.

The decree is affirmed.

CARPENTER, C. J., and McALVAY, OSTRANDER, and HOOKER, JJ., concurred.